**SAFECO INSURANCE COMPANY OF AMERICA, etc., Plaintiff,**

v.

**Robert RAWSTROM, Carla Rawstrom, Defendants.**

**Carla Rawstrom, Counter-claimant,**

v.

**Safeco Insurance Company of America, Counter-defendant.**

**No. CV96–5139–RSWL(AJWX).**

United States District Court, C.D. California, Western Division.

Dec. 4, 1998.

Raymond H. Goettsch, W. Casey Walls, LaTorraca & Goettsch, Long Beach, CA, for plaintiff.

Jeffrey F. Sax, Parker Mills & Patel, Los Angeles, CA, Jeffrey F. Sax, Jeffrey F. Sax Law Offices, David L. Brandon, Brandon & Hilton, Los Angeles, CA, for defendants.

## ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES

WISTRICH, United States Magistrate Judge.

Before the Court is plaintiff Safeco Insurance Company of America's motion to compel further responses to set one of its specially prepared interrogatories directed to defendant Carla Rawstrom.

To start with, the objections interposed by defendant are not well-taken. The information sought is relevant and much of it lies at the core of one aspect of this case. Complete and detailed disclosure of it is essential. Plaintiff's need for the information outweighs the burden of its compilation and coherent presentation. Finally, to the extent that defendant purports to rely on the option to produce business records afforded by Rule 33(d), the prerequisites for exercising that option have not been satisfied.

Even if some or all of defendant's objections were meritorious, it would make no difference because defendant's objections were waived. Plaintiff served its first set of interrogatories on March 9, 1998. Defendant served her initial response on April 1, 1998. In her initial response, defendant objected to each of the interrogatories only on the ground of the federal and state privileges against self-incrimination, and interposed no other objections. Negotiations regarding the adequacy of defendant's responses ensued. On May 11, 1998, defendant informed plaintiff that she would waive her rights against self-incrimination and serve a supplemental response within 30 days. Plaintiff declined the proposal, demanding that a supplemental response be served earlier. Subsequently, on June 19, 1998, defendant served a supplemental response to the interrogatories. In her supplemental response, defendant withdrew her objection based on her federal and state rights against self-incrimination, and instead objected that the interrogatories were irrelevant, unduly burdensome, and so on.

Rule 33 of the Federal rules of Civil Procedure provides in part:

"The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of

such an order, agreed to in writing by the parties subject to Rule 29." Fed.R.Civ.P. 33(b)(3). Defendant's supplemental response to the interrogatories was untimely. It was not served within 30 days after the service of the interrogatories, and that 30–day period was not extended either by an order of the Court or by an agreement of the parties in writing.

Where a waiver of objections by failure to serve a timely response has been found, it usually has been because the party required to serve a response failed to make any response whatsoever within the time allowed. *See, e.g., Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981) (holding that untimely service of response to interrogatories waives objections); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.) (stating that "[f]ailure to object to [documents] requests within the time required constitutes a waiver of any objection."), *cert. denied*, 506 U.S. 948, 113 S.Ct. 454, 121 L.Ed.2d 325 (1992). This case, however, is different. Here, the party required to serve a response served a timely response but interposed only some objections, and subsequently served a supplemental response dropping the objections initially interposed and interposing new objections in their place.

■ The question for decision, then, is whether objections interposed for the first time in a supplemental response served after expiration of the period of time allowed by Rule 33(b) for response are waived. The answer is unclear.

There seems to be only one case in point. In *Cahela v. James D. Bernard, D.O., P.C.*, 155 F.R.D. 221 (N.D.Ga.1994), the plaintiff's interrogatories were served on July 12, 1993, the defendants had until at least August 11, 1993 to serve a response, the defendants' initial response containing unmeritorious objections was served on July 30, 1993, and the defendants' supplemental response containing a previously unasserted but meritorious objection was served on August 31, 1993. *Cahela*, 155 F.R.D. at 227 n. 4. The court held that the defendant did not waive particular objections to interrogatories by failing to interpose them in its timely initial response, and by instead interposing them in a supplemental response served beyond the period allowed by the rule. *See Cahela*, 155 F.R.D. at 226–227. The court reasoned that the cases finding a waiver only involved the failure to serve any response within the period allowed by Rule 33(b) and therefore were distinguishable. *Cahela*, 155 F.R.D. at 227.

The only other case that even comes close to deciding the issue came out the other way. In *Mackey v. IBP, Inc.*, 167 F.R.D. 186 (D.Kan.1996), a party served a timely response to a request for production of documents, stated that its search to determine whether responsive documents existed had not yet been completed, and indicated that when its search was completed it would examine the documents and determine whether some or all of them should be withheld from production on the ground of privilege. The court held that the privilege objection was waived because "[t]he Rules do not provide for the reservation of objections as [the responding party] attempted to do here." *Mackey*, 167 F.R.D. at 206.[1]

---

1. The decision in *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir.1984), *cert. dismissed*, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985), which involved more egregious delay in the specification of a privilege claim, is consistent with the decision in *Mackey*. In *Peat, Marwick*, the defendant served a timely response to a request for production of documents "in which it objected generally that certain unspecified materials sought were subject to the attorney-client privilege, work product protection, or were in other protected categories." *Peat, Marwick*, 748 F.2d at 541. The defendant, however, waited until long after the period allowed by Rule 34(b) for response—indeed, until after the trial court had granted the plaintiff's motion to compel—before serving a privilege log substantiating its

privilege claim on a document-by-document basis and seeking reconsideration. The court held that defendant's privilege claims had been waived, even though they appeared to be meritorious. In the court's words:

> "Even though does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, but such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege. It is not enough that a document would have been privileged if an adequate and timely showing had been made. The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document."

*Mackey* is inconsistent with *Cahela.* If a party may not reserve objections explicitly, it should not be permitted to do so implicitly, as the court allowed the defendant to do in *Cahela.*

The court in *Cahela* gave insufficient attention to the language and purposes of Rule 33. Rule 33 states in pertinent part:

"All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."

Fed.R.Civ.P. 33(b)(4). As the Advisory Committee Note to the 1993 Amendment to Rule 33 explains, "[p]aragraph [ (b) ](4) is added to make clear that objections must be specifically justified, and that unstated or untimely grounds for objection ordinarily are waived." Both the language of Rule 33 and its promulgation history suggest that grounds for objection must be stated in a response filed within the period allowed for response, and that objections sought to be interposed later are waived unless the waiver is excused for good cause.[2] Nothing suggests that objections may be interposed after the period allowed for response as long as some sort of response was served during the period allowed for response. Instead, the language of Rule 33 and the Advisory Committee Note strongly suggest a presumption that all objections should be interposed in one consolidated response filed within the period allowed by Rule 33(b). This approach also is consistent with the general philosophy of the pretrial disclosure discovery rules, namely to facilitate the swift and efficient disclosure of all information relevant to the subject matter of a case. *See* 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure: Civil § 2001 (2d ed.1994) ("The basic philosophy underlying [discovery] procedure was that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged."); Fed.R.Civ.P. 26(a)(1)–(4) (requiring that certain information be disclosed even without service of formal discovery requests); *see also* Fed.R.Civ.P. 1 (describing the overall purpose of the Federal Rules of Civil Procedure as the "just, speedy, and inexpensive determination of every action.").

The court in *Cahela* also failed to consider the impracticality of the approach it adopted. Allowing a party to present objections to interrogatories serially would ·be inefficient. For example, if a party were permitted to interpose objections A and B in its initial response, negotiate with the propounding party regarding them, relinquish them or lose them as a result of· an adverse ruling on a motion to compel, serve a supplemental response interposing objections C and D, negotiate with the propounding party regarding them, relinquish them or lose them as a result of an adverse ruling on a motion to compel, and so on, the party who propounded the discovery requests could be strung along indefinitely. The result would be unacceptable delay in the completion of discovery, the unnecessary expense of serial meetings between counsel, and the unnecessary burden of serial motions to compel. It is far better to require that all objections be interposed in the initial response so that counsel can meet just once to attempt to resolve all objections, and so that the court will be asked to decide only one motion to compel, if necessary.

■ Therefore, the better rule is that interrogatory objections not included in a timely response are waived even if the objections are contained in a later untimely response, absent a showing of good cause. Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for re-

---

*Peat, Marwick,* 748 F.2d at 542.

**2.** Defendant has not argued that good cause exists for relief from her waiver. She has not argued, for example, that interposing additional objections in her initial response, such as that responding to the interrogatories would be unduly burdensome or oppressive, would have undercut her assertion of her state and federal privileges against self-incrimination. There might be circumstances in which stating all objections in the initial response to an interrogatory would vitiate some of the other objections interposed or so impair the rights of the responding party that good cause would exist. That, however, is not the situation presented in this case.

sponse by Rule 33(b). One refinement of this rule is that objections not interposed in an initial response, but interposed in a supplemental response served within the period allowed by Rule 33(b) for response or as extended by stipulation are not waived. It is not the completeness of the initial response that is crucial, but rather the completeness of the response made within the period allowed by the rule. Although one response is superior to multiple responses, no objection interposed within the period allowed by the rule is waived.

For the foregoing reasons, plaintiff's motion is **granted**. Defendant Carla Rawstrom shall serve supplemental a response within eleven (11) days. The answers to each of the interrogatories are required to be responsive and complete. Where the answer to an interrogatory can be discerned from a document, *see* Fed.R.Civ.P. 33(d), the document should be attached as an exhibit to the responses, or, if that is impractical, the document and the relevant portions of it should be clearly and specifically identified. General references to documents or the contents of files is unacceptable.

**IT IS SO ORDERED.**