584

Nelson WALKER, et al., Plaintiffs,

v.

**LAKEWOOD CONDOMINIUM OWNERS ASSOCIATION, et al., Defendants.**

No. CV 93–4531 DT (ANX).

United States District Court,
C.D. California,
Santa Ana Division.

May 26, 1999.

Barrett S. Litt, Litt & Associates, Los Angeles, CA, James J. Guziak, Los Angeles, CA, for Fair Housing Foundation of Long Beach.

Richard R. Terzian, Kristen A. Pelletier, LeBoeuf, Lamb, Greene & MacRae, L.L.P., Los Angeles, CA, for City of Lakewood.

## MEMORANDUM AND ORDER

NAKAZATO, United States Magistrate Judge.

### I. *INTRODUCTION*

Before the Court is a motion to compel answers to special interrogatories ("Motion") that raises what appear to be the following novel questions:

(1) Whether interrogatories that were served, but objected to and not answered, count against the 25 interrogatory limit imposed by Rule[1] 33(a) and Local Rule 8.2.1?

(2) Whether a propounding party can circumvent the numerical limit by unilaterally "withdrawing" interrogatories after the responding party has prepared and served a written response?

---

**1.** Unless noted otherwise, "Rule" shall refer to the Federal Rules of Civil Procedure.

**2.** FHF's initial 35 interrogatories were served in a document characterized as FHF's "First Set of Interrogatories", while the subsequent set of 29 interrogatories was served in what was styled as FHF's "Revised First Set of Interrogatories."

For the reasons discussed below, the answer to the first question is "yes" and the answer to the second question is "no." Therefore, the Motion is denied.

### II. *BACKGROUND*

After having served 35 interrogatories on third-party plaintiff City of Lakewood ("Lakewood"), which Lakewood objected to as being untimely served relative to the operative discovery cut-off date, third-party defendant Fair Housing Foundation of Long Beach ("FHF") served 29 more interrogatories[2] on Lakewood. FHF served these additional interrogatories nearly a year later without prior leave of the Court. Accordingly, Lakewood objected to these interrogatories as unauthorized, supernumerary interrogatories. FHF filed its pending Motion after attempting to resolve its dispute with Lakewood.

Both parties represent there are no reported cases dealing with the precise issues raised by FHF's Motion [4/28/99 Executed Joint Stipulation ("JS") at 3:27; 20:22], a representation that appears to be correct.

### A. *FHF's Contentions*

FHF concedes that Lakewood's timeliness objections to FHF's initial interrogatories were proper [Motion, 4/26/99 Declaration of James J. Guziak, ¶ 3, Exhibit A thereto]. However, FHF maintains its pending 29 interrogatories are not supernumerary[3] because its initial 35 interrogatories should not be counted against the 25 interrogatory numerical limit imposed by Rule 33(a) and Local 8.2.1, for two reasons. First, FHF argues that, because Lakewood objected to and never answered the initial interrogatories, it was as if its initial 35 interrogatories "had never been propounded" [JS at 16:13–15]. Second, FHF asserts that "[w]hen discovery was reopened, FHF had a right to withdraw the prior questions and propound new ones in their place" [*Id.* at 16:15–16].

---

[Motion, Declaration of James J. Guziak, ¶ 3, Exhibit A thereto.]

**3.** Recognizing its pending 29 interrogatories exceed the 25 interrogatory limit, FHF asserts that it "abandons" interrogatory nos. 26 through 29 for purposes of its Motion [JS at 7:24–26]. As discussed below, this does not cure the problem.

## III. *DISCUSSION*

### A. *FHF's Argument That Only Answered Interrogatories Count*

■ Rule 33(a) expressly forbids a party from serving more than 25 interrogatories upon another party "[w]ithout leave of court or written stipulation." Rule 33(a) was amended to include the numerical limit in 1993. The Rules' Advisory Committee Notes for the 1993 amendments further emphasize that "[t]he purpose of this revision [was] to reduce the frequency and increase the efficiency of interrogatory practice" since "the device can be costly and may be used as a means of harassment." *See* Advisory Committee Note to 1993 Amendment to Rule 33; *Capacchione v. Charlotte–Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C.1998); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.D.Cal.1998). Similarly, Local Rule 8.2.1 states:

> No party shall, without leave of the Court and for good cause shown, serve more than twenty-five (25) interrogatories (including all subparts) on any other party. An application for leave to serve additional interrogatories shall be made on at least seven (7) days notice.

■ Rule 33(a) and Local Rule 8.2.1, by their express terms, make it doubly clear that *every* interrogatory which is *served*, including any discrete subparts, shall be counted against the numerical limit. Various district courts have also concluded the 1993 amendment to Rule 33(a) only permits a party to "serve" up to 25 interrogatories in the absence of a local rule or prior court order allowing service of a greater number. *See e.g. Capacchione, id.; Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D.Kan.1997); *see also Safeco*, 181 F.R.D. at 443 (Advisory Committee expressly notes a party may only serve 25 interrogatories upon any other party and "must secure leave of court (or stipulation from the opposing party) to serve a larger number"); *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 449–50 (D.Conn.

1996) (holding a party who served interrogatories with 26 subparts violates the numerical limit and must seek leave of court before serving said interrogatories regardless of whether interrogatories had been served previously).

Contrary to FHF's argument, neither Rule 33(a) nor Local Rule 8.2 .1, expressly or implicitly, state that only interrogatories that are served and answered count against the numerical limit. Indeed, the use of the term "serve" in both Rule 33(a) and Local Rule 8.2.1 is absolute and unqualified. Nor do either of these rules state or reasonably suggest that interrogatories disintegrate and vanish as if they were never served when timely objections, but not answers, are made pursuant to Rule 33(b). Moreover, FHF's suggested interpretation also conflicts with Rule 33(b)'s express terms authorizing a party served with interrogatories to respond with either objections *or* answers.[4]

FHF's argument is also flawed because it ignores that, in the context of Rule 33(a), Local Rule 8.2.1, and the Rules pertaining to discovery, the term "serve" is more than just an active verb; it is a term of art requiring the party seeking discovery, and the party served with a discovery request, to take certain action.

On one hand, the party seeking discovery must serve a discovery request upon every other party in the action unless otherwise ordered by the court. Rule 5(a). In order to be effective, the discovery request must also be served in a particular manner since the responding party's failure to make a timely response can lead to dire consequences. Rule 5(b) & (d).

On the other hand, once a discovery request is served using the appropriate method, the responding party is obligated to respond in a specific, affirmative manner. A party served with interrogatories may respond by either serving written objections or verified answers "within 30 days after the service of the interrogatories." Rule 33(b)(1)–(3). If objections are interposed instead of answers, "the objecting party shall

---

4. Some courts have even held that a responding party waives objections to supernumerary interrogatories by coterminously objecting and answering them. *Capacchione, id.; Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D.Ohio 1964) (cited in *Capacchione* and holding that a responding party waived objections by simultaneously objecting and answering interrogatory).

state the reasons for the objection" and "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." Rule 33(b)(1) & (4). Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection"); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (objecting party must show a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections; generalized objections are insufficient). Not only must the objections be served and the grounds articulated in a specific manner, but the objections must also be served in a timely fashion. The failure to serve objections in the time and manner required by the Rules will result in a waiver of valid objections. Rule 33(b)(4) ("[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown"); *e.g., Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981) (untimely service of response to interrogatories waives objections); *Safeco Insurance Company of America v. Rawstrom*, 183 F.R.D. 668, 670 (C.D.Cal.1998) (interrogatory objections that are not included in a timely response are waived even if they are contained in a later supplemental response absent a showing of good cause). Waiving meritorious objections by failing to interpose timely, properly stated objections can be catastrophic; if the propounding party brings a successful motion to compel, the responding party may be ordered to answer interrogatories seeking privileged information that it could have otherwise refused to provide. *Davis*, 650 F.2d at 1160 (holding a party can waive the Fifth Amendment privilege against self-incrimination by failing to assert timely objections to interrogatories).

Failing to serve objections or answers may also result in sanctions, including a terminating sanction in extreme circumstances. Rules 33(b)(5); 37(a)(4)(A)–(b); *Davis, id.* at 1161.

Accordingly, the Court finds that, unless otherwise ordered for good cause shown, every interrogatory which is served, and causes a responding party to undertake the burden of preparing and serving objections to the interrogatory, is counted against the numerical 25 interrogatory limit for purposes of Rule 33(a) and Local Rule 8.2.1.

■ Further, the Court finds that every interrogatory which is served and objected to also counts regardless of whether or not the propounding party unilaterally concedes the objections are meritorious, as FHF has done in the pending action. In this regard, the Court notes that FHF's concession appears to have been misplaced. FHF served its initial 35 interrogatories on Tuesday, March 31, 1998 [JS at 19:4–5], exactly 30 days before the then-applicable discovery cut-off date of Thursday, April 30, 1998. [11/3/97 Order]. Assuming that FHF served its initial interrogatories by mail [5], Lakewood's responses were not due until Monday, May 4, 1998— four days after the April 30 discovery cut-off date. However, the Court's dockets reflect that, on Tuesday, April 21, 1998—after FHF served the initial interrogatories but before Lakewood's responses were due on May 4— one of the district judges previously assigned to this case issued an order continuing the discovery cut-off date from April 30 to October 30, 1998 [4/21/98 Order]. Consequently, if Lakewood served its timeliness objections before April 21, its objections were proper. *See Whittaker Corp. v. Execuair Corporation, EMC*, 736 F.2d 1341, 1347 (9th Cir. 1984) (holding "[t]he purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial").[6] Conversely, the

---

5. If FHF had personally served its initial interrogatories, Lakewood's responses would have been due on April 30 and, therefore, service would have been timely.

6. Notwithstanding *Whittaker*, it is not entirely clear that a party served with untimely interrogatories is otherwise relieved from asserting timeli-

ness objections pursuant to Rule 33(b). However, nothing in *Whittaker* or the Rules state that discovery requests that are not served in a timely fashion relative to the operative discovery cut-off date are a nullity and require no response. On the contrary, Rule 33(b)(4)'s absolute pronouncement that *"[a]ny ground not stated in a timely objection is waived"* could be construed to in-

same is not necessarily true if Lakewood served its objections after receiving notice of the Court's 4/21/98 Order continuing the discovery cut-off date until October 30, 1998.

■ Although the Motion does not indicate when Lakewood actually served its timeliness objections relative to the 4/21/98 Order, the Court's conclusion remains the same regardless of whether or not Lakewood's timeliness objections were meritorious. Specifically, if Lakewood's timeliness objections were proper, as conceded by FHF, then they should be counted against the numerical limit for the reasons already discussed. If they were not meritorious, FHF'S remedy was to challenge the merits of Lakewood's timeliness objections by way of a motion to compel pursuant to Rule 37(a)(2)(B), not to unilaterally serve additional interrogatories without leave of the court. In this regard, to the extent FHF proceeded to serve the additional 29 interrogatories, FHF was expressly required to seek leave of Court before serving these interrogatories pursuant to Rule 33(a) and Local Rule 8.2.1.

### B. FHF's "Withdrawal" Argument

■ Equally without merit is FHF's argument that its initial interrogatories should not count because they were "withdrawn." Contrary to FHF's suggestion, nothing in these rules allows a propounding party to unilaterally "withdraw" interrogatories after they are served, particularly after the responding party incurs the burden of preparing and serving objections as Lakewood did in this case.[7] Further, nothing in the applicable rules allow FHF to avoid or sidestep the numerical limit by unilaterally re-characterizing its subsequently served supernumerary interrogatories as a "revised set." [8]

■ In this regard, although none of the members of the Court's Rules Committee are clairvoyants, they do not need crystal balls to envision the abuse that would occur if Rule 33(a) and Local Rule 8.2.1 were construed as suggested by FHF.[9] Specifically, if Rule 33(a) and Local Rule 8.2.1 allowed parties to unilaterally "withdraw" interrogatories after a party had already served objections, a party could simultaneously circumvent the whole purpose of the numerical limit and harass an opponent by serving the maximum number of interrogatories and then "withdrawing" all of them on or after the date the opposing party incurred the burden of preparing and serving objections or verified answers. A day or two later, the party could begin the whole process all over, repeating it until the expiration of the discovery cut-off date or until the responding party brought what would be a well-deserved motion for a protective order pursuant to Rule 26(c). Given the Advisory Committee's concern that even proper, timely served interrogatories can be used as a costly form of harassment, it is clear that objectionable interrogatories can be just as, if not more, abusive. Accordingly, a party serving untimely or otherwise objectionable interrogatories, to which the opposing party timely objects, cannot unilaterally withdraw the interrogatories, and said interrogatories shall be counted toward the numerical limit unless otherwise ordered.

clude a waiver of a timeliness objection. *See also Davis*, 650 F.2d at 1160 (untimely service of response to interrogatories waives objections); *Safeco*, 183 F.R.D. at 670 (interrogatory objections that are not included in a timely response are waived even if they are contained in an untimely supplemental response absent a showing of good cause).

7. The Court expressly refrains from deciding whether FHF could have effectuated a valid withdrawal of its initial interrogatories if it had served Lakewood with a formal notice of withdrawal before Lakewood served its objections.

8. Strictly speaking, in contrast to Section 2030(c)(1) of the California Code of Civil Procedure, Rule 33(a) and the Court's local rules do not recognize "sets" of interrogatories.

9. As part of its argument, FHF asserts that "Local Rule 8.2.1, like all rules and statutes, suffers from the reality that its drafters could not foresee every possible factual permutation that might arise under it" [JS at 16:26–27]. To the extent FHF is suggesting that Local Rule 8.2.1 is invalid, its suggestion is rejected. Local rules are "laws of the United States and are valid so long as they are not inconsistent with the Federal Rules of Civil Procedure." Rule 83(a); *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir.1995). Further, Rule 26(b)(2) expressly authorizes the Court to alter or limit the number of interrogatories allowed under Rule 33(a) by "order or local rule." Local Rule 8.2.1, like Rule 33(a), limits a party from serving over 25 interrogatories without prior leave of court. Therefore, inasmuch as Local Rule 8.2.1 is consistent on its face with Rule 33(a), it is valid. *Marshall*, 44 F.3d at 724.

■ Last but not least, FHF cannot circumvent its violation of the numerical limit with its pending 29 interrogatories by simply claiming that it now "abandons any claim as to queries 26 through 29" [JS at 7:24–26]; a party cannot unilaterally and randomly select those supernumerary interrogatories which it will seek to compel answers. *Capacchione, id.* Here again, FHF ignores that its improper action prompted Lakewood to prepare and serve timely objections to each of the supernumerary interrogatories.

### IV. *CONCLUSION*

For the reasons discussed above, FHF's pending 29 interrogatories constitute supernumerary interrogatories that were served without first obtaining leave of court in violation of Rule 33(a) and Local Rule 8.2.1. Lakewood's objections to each of FHF's supernumerary interrogatories on the grounds that they were served in violation of Local Rule 8.2.1 are sustained.

Accordingly, FHF's motion is denied.

IT IS SO ORDERED.