**Kathy DINE, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, et al., Defendants.**

**No. CV 05–3773–RSWL (PLAx).**

United States District Court,
C.D. California,
Western Division.

Feb. 18, 2009.

Elizabeth K. Green, Glenn R. Kantor, Kantor and Kantor LLP, Northridge, CA, for Plaintiff.

Brent M. Finch, Stone Rosenblatt CHA, Woodland Hills, CA, Nicole O. Snyder, Rebecca A. Hull, Sedgwick Detert Moran & Arnold, San Francisco, CA, for Defendants.

## ORDER RE: PLAINTIFF'S MOTION FOR CONTEMPT

PAUL L. ABRAMS, United States Magistrate Judge.

On December 1, 2008, the Court granted in part and denied in part plaintiff's Motion to Compel Discovery. Defendant was ordered to produce all documents and responses by December 10, 2008, and to make available defendant's Rule 30(b)(6) representative for a deposition no later than December 19, 2008. Plaintiff has now moved for an order of contempt against defendant (the "Motion"), asserting that defendant failed to produce certain documents ordered by the Court, which in turn prevented it from fully deposing defendant's Rule 30(b)(6) representative. The Court has considered all of the documents filed in connection with plaintiff's Motion, and has concluded that oral argument will not be of material assistance in determining the Motion. Accordingly, the hearing scheduled for February 24, 2009, is **ordered off calendar** (*see* Local Rule 7–15).

Among other things, and at issue in the Motion, the Court's December 1, 2008, Order required that defendant produce documents in response to plaintiff's Requests No. 8 and No. 12, which sought claims handling manuals, guidelines and policies employed by defendant in evaluating plaintiff's claim for disability benefits (Request No. 8), and materials used to train those employees who were involved in the evaluation of plaintiff's claim (Request No. 12). As for Request No. 8, plaintiff for the first time in the Joint Stipulation concerning the underlying Motion to Compel Discovery indicated that the time period for that request "should state" February 1999 through July 2001, not January 1, 2007, to the present. The Court

found that the documents for the amended time frame were relevant to the conflict issue, and must be produced. Request for Production No. 12 sought materials used to train those employees who were involved in the evaluation of plaintiff's claim. The Court determined that plaintiff is entitled to documents to show that the administrator did not comply with the terms of the plan or did not interpret the plan consistently, or that defendant has a claims system that "fosters an anti-claim bias and reflects an institutional bias" by defendant, and ordered production of the requested materials.

Following the Court's Order, instead of producing these documents by December 10, 2008, defendant submitted to plaintiff objections to both Requests, and argued that the documents were protected based on confidentiality and their proprietary nature. Defendant contends that it then offered to produce these documents immediately if plaintiff entered into a stipulated order of confidentiality, but that plaintiff's counsel refused to do so. Plaintiff asserts that it offered, if produced, to maintain the produced documents in a confidential manner while defendant pursued a protective order with the Court. Defendant rejected this proposal. Defendant further contends that its attempts to meet and confer concerning this issue "continued through the next several weeks," and that it then began preparing a joint submission for the Court to resolve this matter. Plaintiff thus claims that defendant has stalled this litigation by raising new objections to production after the Court entered its Order, and then by never raising its objection or seeking a protective order with the Court. Plaintiff now seeks an order that defendant be found in contempt for violating the Court's December 1, 2008, Order, that defendant produce all responsive documents, and that it then be permitted to take another deposition of defendant's corporate represen-

tative with defendant to incur all costs associated with the deposition.[1] Defendant asserts it would have turned over the documents required by the Order, in the time frame set out in the Order, if plaintiff had simply agreed to an appropriate protective order.

There is no dispute that the ordered documents were not produced, and have still not been produced. Instead of immediately approaching the Court when it first determined that the ordered documents were confidential, however, defendant unilaterally decided to ignore the Order to produce by December 10, relying solely on its own conclusion concerning the nature of the documents. Nor, as of more than two months after the Order was entered, has defendant presented the Court with a motion for a protective order, or a joint stipulation seeking to resolve the issue.[2] While defendant represented to plaintiff that it intended to "immediately move the Court for entry of [a protective order] in the event plaintiff fail[ed] to ... stipulate" to such an order (Amended Response to Request No. 8, Declaration of Elizabeth K. Green, Ex. B), it has not done so.

■ As to Request No. 8, defendant contends that plaintiff never sought the documents that the Court ordered it produce, *i.e.*, the documents from 1999–2001. Thus, it could not have objected to those specific documents based on confidentiality, or sought a protective order, at an earlier time. But defendant offers no explanation why the same documents—claims handling manuals—from a *later* time frame (which were requested and to which defendant submitted objections, but did not object based on confidentiality) would not be confidential, but the earlier ones would. Neither does defendant explain, as to Request No. 12, how it was able to offer some objections to producing training documents that it claims it had not yet even located (see Response to Request

1. Defendant contends that plaintiff's accusations of delay are not well founded, and it would have discussed these issues with plaintiff had plaintiff followed Local Rule 37 prior to filing this Motion. The Court finds that in the circumstances presented here, where plaintiff is challenging defendant's failure to comply with a previous Court order, the procedures set out in Rule 37 are waived.

2. Defendant contends that it is still in the process of preparing a submission for the Court. The Court notes that the process set forth in Rule 37 can be accomplished, from the beginning of a dispute to the filing of a joint stipulation, in as few as 15 days.

No. 12, Declaration of Elizabeth K. Green, Ex. C; Declaration of Laura Sullivan, ¶ 7), but did not also object based on confidentiality, knowing the nature of the sought-after documents. Indeed, defendant asserts that "[i]f [defendant's] training methods, and the substance of its training, were to become available to competitors at no cost to the competitor, it would harm [defendant]." Declaration of Laura Sullivan, at ¶ 8. Defendant thus appears to claim that all of its training materials are confidential, not just those specific documents it has now discovered that may be responsive to this Request. It appears to the Court that plaintiff's argument that defendant's confidentiality objections have been waived is well taken. *See, e.g.,* Fed.R.Civ.P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Safeco Ins. Co. of America v. Rawstrom,* 183 F.R.D. 668, 671–72 (C.D.Cal.1998); Fed.R.Civ.P. 34(b)(2)(B) ("the response must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons.").

█ Well over two months have passed since the Court's Order was entered, and defendant has not presented a protective order for the Court's review. It is the obligation of the party seeking to limit discovery to seek such an order. *See, e.g.,* Fed. R.Civ.P. 26(c) ("[a] party ... from whom discovery is sought may move for a protective order ..."); *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975) ("[u]nder the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied."). The fact that a protective order had not been entered in this case as of December 10 does not excuse defendant from fully complying with its discovery obligations. *See, e.g., Garcia v. Almieda,* 2006 WL 3001171, at *4 (E.D.Cal.2006) ("[F]iling a motion for a protective order does not work to immediately shield the moving party from the [duty to appear at a] deposition."); *Cima v. WellPoint Health Networks, Inc.,* 2008 WL 746916, at *4 (S.D.Ill.2008) (the duty to timely respond to interrogatories or requests for production is not altered by a pending protective order); see also Schwarzer, Tashima

& Wagstaffe, *Cal. Practice Guide: Fed. Civ. Pro. Before Trial* ¶ 11:1166 (The Rutter Group 2008) ("The mere fact that a motion for protective order is pending does not itself excuse the subpoenaed party from making discovery[.]"). These principles are all the more applicable when documents are due pursuant to a court order. In sum, defendant not only failed to comply with the Court's Order, but then compounded that failure by not bringing the issue to the Court's attention or seeking any sort of protection from the Court. It cannot shift the blame to plaintiff for not agreeing to enter into a protective order.

Nevertheless, the Court will not deem defendant's objections waived, as defendant has shown to the Court's satisfaction the harm it may suffer if the documents are produced without a protective order (Sullivan Declaration, ¶¶ 3–8), and plaintiff has not shown that it would suffer any substantial prejudice by the entry of a protective order concerning these documents. As defendant has had ample time to seek the entry of an order, however, the Court will enter its own Order in this regard.

Defendant further argues that the deposition notice for its Rule 30(b)(6) witness did not call for a witness to testify concerning the documents from Requests No. 8 and No. 12. The Court rejects this argument. The Amended Notice of Deposition required designation of a corporate representative to be deposed on, among other things, defendant's handling of plaintiff's disability claim and the decision to deny plaintiff's disability benefits. How the claim was handled would certainly encompass testimony as to whether it was handled according to defendant's manuals for dealing with claims, and the training of the claims representatives. In any event, plaintiff was entitled to the ordered documents prior to the deposition.

### CONCLUSION

Plaintiff's Motion for Contempt is **granted as follows: No later than February 23, 2009,** defendant shall produce all documents: 1. that contain or constitute claims handling manuals, claims practice guidelines, audits

and audit policies or any other practice or procedures employed by defendant in handling, processing and/or investigation of long term disability claims at any time from February 1999 through July 2001, that in any manner relate to the handling of plaintiff's claim, or to the type of disability specifically alleged by plaintiff, or that relate to the general handling of claims (*e.g.,* it need not produce documents pertaining to how it specifically processes disability claims that are related to coronary issues if plaintiff's disability is not based on coronary issues); and 2. all materials used by defendant to train and/or instruct any and all employees who were involved in the review, evaluation and/or investigation of plaintiff's claim, as well as those materials that were part of the general training process for claims personnel working in the office where plaintiff's claim was processed, prior to and through the date of plaintiff's claim. This includes those documents detailed in the Declaration of Rebecca A. Hull, at ¶ 3. To the extent defendant asserts that it is unable to locate materials provided to the specific individuals during training, it shall detail, under oath, through a corporate representative, the efforts it made to locate the responsive materials. **No later than February 20, 2009,** counsel shall telephonically meet and confer and set a date for the continued deposition of defendant's Rule 30(b)(6) representative, said deposition to occur **no later than March 3, 2009.** The deposition shall be limited to an examination concerning the documents to be produced by defendant pursuant to this Order, and any directly related follow-up questions; the deposition shall last no more than three hours of actual deposition time, excluding breaks. The deposition shall take place at a location designated by plaintiff in Los Angeles. All costs associated with the taking of the deposition shall be borne by defendant.

### PROTECTIVE ORDER

This Order constitutes a Protective Order for the information ordered produced herein. Other than the parties, their attorneys and staff, and the Court, the above-referenced information may not be disclosed to any other person or entity, and may be used only in connection with this case. If this case proceeds to trial, the parties must seek an order from the District Judge assigned to the case that the above-referenced information may remain private. The above-referenced information shall become public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.