THIS OPINION IS A
PRECEDENT OF THE
T.T.A.B.

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

MBA

Mailed: November 4, 2009

Opposition No. 91187118

Amazon Technologies, Inc.

v.

Jeffrey S. Wax

**Michael B. Adlin, Interlocutory Attorney:**

This case now comes up for consideration of applicant's fully-briefed motion, filed June 29, 2009, to: (1) compel responses to his first sets of interrogatories and document requests; (2) test the sufficiency of opposer's responses to applicant's first requests for admission; (3) extend the discovery period for applicant only; and (4) enter various sanctions against opposer.

Applicant contends that opposer's responses to applicant's interrogatories, requests for production of documents and requests for admission are inadequate, because opposer served only "boilerplate objections" to the discovery requests, and opposer did not substantively respond to <u>any</u> of applicant's discovery requests. Applicant argues that opposer's objections are "unfounded," especially because many of applicant's discovery requests are

"virtually _identical_ to Discovery requests that Opposer served upon" applicant (emphasis in original). Applicant requests an extension of time so that he may conduct follow-up discovery, and that a variety of sanctions be imposed on opposer, for its "blatant disregard and abuse of the Discovery rules …."

In its response to the motion, opposer does not dispute that it failed to substantively respond to any of applicant's discovery requests, or that some of applicant's requests were virtually identical to some of the discovery requests which opposer previously served on applicant. Opposer claims, however, that under Trademark Rule 2.120(a)(3), it was not required to respond to any of applicant's discovery requests because applicant failed to serve initial disclosures, which is a prerequisite to serving discovery. In fact, opposer "notes that in its objections to Applicant's Discovery Requests, [opposer] stated that it was exempt from responding (at this time), due to Applicant's failure to comply with the applicable rules."[1] Opposer requests that applicant's motion be denied

---

[1] In its General Objections to applicant's first sets of interrogatories, document requests and requests for admission, opposer asserts that the requests "seek the disclosure of information that Opposer is exempt from providing at this time due to Applicant's failure to comply with the applicable rules." However, in its specific objections to applicant's various discovery requests, opposer claims that the requests are "premature, particularly in that Opposer has not completed its factual discovery."

2

in its entirety, and that when dates are reset, applicant be allowed "the same period of time it had under the prior order, namely, one (1) day remaining in the discovery period."

In his reply brief, applicant claims that he timely served initial disclosures on January 30, 2009, and submits a copy thereof, including the certificate of service indicating timely service on opposer's address of record. Declaration of Theresa Zogakis ¶ 3 and Ex. A to applicant's Reply Brief. Applicant also points out that during the meet and confer process leading up to the filing of applicant's motion, opposer never specified the basis of its "general objections" that applicant failed "to comply with the applicable rules." Indeed, during the meet and confer process, opposer sent a letter to applicant simply arguing that its objections are "valid" and that opposer "is not obligated to provide substantive responses to Applicant's Discovery Requests." However, it appears that opposer never provided a specific reason for withholding substantive responses to applicant's discovery requests, never mentioned applicant's alleged failure to serve initial disclosures during the meet and confer process and failed to raise the issue at all until it filed its response to applicant's motion to compel. In any event, applicant contends that opposer's remedy for applicant's alleged failure to serve

3

initial disclosures was to file a motion to compel, not to refuse to respond to discovery requests. Finally, applicant claims that he responded to "at least" 800 written discovery requests served by opposer, and that he and a former owner[2] of the subject application appeared for two days of discovery depositions noticed by opposer.

Opposer's claim that it was not required to substantively respond to applicant's discovery requests is based entirely on its mistaken belief that applicant failed to serve initial disclosures,[3] and Trademark Rule 2.120(a)(3), which provides that "[a] party must make its initial disclosures prior to seeking discovery." See, Kairos Institute of Sound Healing, LLC v. Doolittle Gardens, LLC, 88 USPQ2d 1541 (TTAB 2008). In other words, opposer suggests that this is a simple case requiring nothing more than the application of Trademark Rule 2.120(a)(3). It is not that simple, however.

Even if opposer honestly believed that applicant had failed to serve initial disclosures, opposer's apparent conclusion that all it needed to do was relay its understanding to applicant by making an obtuse reference to

---

[2] Applicant and another individual filed the subject application as co-applicants, and the other individual eventually assigned his interest in the application to applicant.

[3] While it appears that applicant timely served his initial disclosures, we have no reason to doubt opposer's claim that it did not receive the disclosures even though they were apparently served on opposer's address of record.

4

applicant's failure to comply with unspecified "rules" fails to recognize that the discovery rules go well beyond Trademark Rule 2.120(a)(3). In fact, the rules impose duties and obligations not only on the party serving discovery, but also the party responding to discovery.

For example, "it is incumbent upon a party who has been served with interrogatories to respond by articulating his objections (with particularity) to those interrogatories which he believes to be objectionable, and by providing the information sought in those interrogatories which he believes to be proper." Medtronic, Inc. v. Pacesetter Systems, Inc., 222 USPQ 80, 83 (TTAB 1984)(emphasis supplied); see also, Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived …") and Advisory Committee Note to 1993 Amendment thereto ("Paragraph (4) is added to make clear that objections must be specifically justified, and that unstated or untimely grounds for objection ordinarily are waived."); Redland Soccer Club, Inc. v. Department of the Army, 55 F.3d 827, 856 (3d Cir. 1995); McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990); St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000); Safeco Insurance Co. of America v. Rawstrom, 183 F.R.D. 668 (C.D. Cal. 1998).

In this case, opposer's objections were anything but specific.  In fact, opposer made a total of 35 "General Objections" to applicant's interrogatories, document requests and requests for admission, and opposer made 171 "specific" objections to each of applicant's 171 written discovery requests, but opposer never once, in any of these purported general or purportedly "specific" objections, mentioned applicant's alleged failure to serve initial disclosures.

Opposer then compounded the problem by continuing to "hide the ball" during the meet and confer process.  For example, in its June 25, 2009 letter to applicant, opposer stated:

> We believe that the objections raised in [opposer's] Responses to Applicants' Discovery Requests are valid and that [opposer] is not obligated to provide substantive responses to Applicant's Discovery Requests.  However, if you disagree, please advise us which objections you believe are without merit and we will attempt to discuss those issues with you.

Declaration of Jeffrey S. Wax ¶ 7 and Ex. H.  When applicant tried to address the objections specifically, opposer "merely restated Opposer's position," but again failed to mention the initial disclosures.  Id. ¶ 9.  This was improper.  See, e.g., Sentrol, Inc. v. Sentex Systems, Inc., 231 USPQ 666, 667 (TTAB 1986) (addressing parties' duties during meet and confer process).

In order for the meet and confer process to be meaningful and serve its intended purpose, "the <u>parties</u> must present to <u>each other</u> the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions."  <u>Nevada Power Co. v. Monsanto Co.</u>, 151 F.R.D. 118, 120 (D. Nev. 1993) (emphasis supplied) (construing a local rule containing meet and confer requirements similar to those in Trademark Rule 2.120(e)(1)).  The meet and confer process cannot be truly complete until "after all the cards have been laid on the table," by both parties.  <u>Id.</u>; <u>see</u> <u>also</u>, <u>Dondi Properties Corp. v. Commerce Savings and Loan Ass'n</u>, 121 F.R.D. 284, 289 (N.D. Tex. 1988) (construing a local rule less onerous than Trademark Rule 2.120(e)(1) and stating "The purpose of the conference requirement is to promote a <u>frank exchange between counsel</u> to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought.") (emphasis supplied).  While it was initially applicant's obligation to confer with opposer prior to filing his motion, opposer was under an equal obligation to participate in good faith in applicant's efforts to resolve the matter.

Here, however, opposer failed to lay its cards on the table.  Indeed, it essentially made a litany of boilerplate

objections to all of applicant's discovery requests as a bluff, to disguise its true but unstated objection, and then when applicant called the bluff in the meet and confer process, opposer still failed to lay its cards down, resulting in the filing and consideration of an unnecessary motion to compel.[4]  This dispute could and should have been resolved without the necessity of filing a motion to compel.

Opposer's mistaken but apparently honest belief that applicant failed to serve initial disclosures is no excuse. Where a party believes that it need not respond to discovery requests because the propounding party has not served initial disclosures, it has a duty to object, specifically, on that basis.  Proceeding as opposer did here, by serving a litany of boilerplate objections and refusing to reveal the true basis for withholding responsive information, only serves to waste the parties' and the Board's time.  Cf. Trademark Rule 2.120(d) ("If a party upon which interrogatories have been served believes that the number of interrogatories exceeds the limitation … the party shall, within the time for (and instead of) serving answers and specific objections to the interrogatories, serve a general

---

[4]    By offering to "attempt to discuss" certain specific objections with applicant, opposer gave the impression that it might be productive for the parties to discuss particular objections individually, even though opposer knew full well that its refusal to substantively respond to the discovery requests was based on a single, but unstated, argument, i.e., that applicant failed to comply with Trademark Rule 2.120(a)(3).

objection on the ground of their excessive number."); TBMP § 405.03(e) (2d ed. rev. 2004).

In short, because applicant timely served his initial disclosures, and because opposer, even if unaware of those disclosures, failed to specifically state its true objection to applicant's discovery requests, applicant's motion to compel and to test the sufficiency of opposer's responses to applicant's requests for admissions are hereby **GRANTED**. To the extent opposer's various boilerplate objections could be construed as specific to individual discovery requests, they are **OVERRULED**, for two reasons. First, opposer has not even claimed, must less established, that any of applicant's individual discovery requests are objectionable in any specific manner or that any of opposer's boilerplate objections are valid. Second, applicant's discovery requests are in large part identical to requests which opposer served on applicant, and "a party ordinarily will not be heard to contend that a request for discovery is proper when propounded by the party itself but improper when propounded by its adversary." TBMP § 402.01; see also, Sentrol, 231 USPQ at 667; Medtronic, 222 USPQ at 83. Accordingly, opposer is hereby ordered to serve, no later than **THIRTY DAYS** from the mailing date of this order, its

responses, <u>without objection on the merits</u>,[5] to applicant's first sets of interrogatories, requests for production and requests for admission. See, <u>No Fear</u>, 54 USPQ2d at 1551. In the event opposer fails to respond to applicant's discovery requests as ordered herein, opposer may be subject to sanctions, potentially including entry of judgment against it. Fed. R. Civ. P. 37(b)(2); Trademark Rule 2.120(g).[6]

Turning next to applicant's motion for sanctions, it is premature, and therefore will be given no further consideration, because opposer has not, at this point, failed "to comply with an order of the Trademark Trial and

---

[5] The Board has previously distinguished objections on the merits of a discovery request from other types of objections:

> Objections going to the merits of a discovery request include those which challenge the request as overly broad, unduly vague and ambiguous, burdensome and oppressive, as seeking non-discoverable information on expert witnesses, or as not calculated to lead to the discovery of admissible evidence. In contrast, claims that information sought by a discovery request is trade secret, business-sensitive or otherwise confidential, is subject to attorney-client or a like privilege, or comprises attorney work product, goes not to the merits of the request but to a characteristic or attribute of the responsive information.

<u>No Fear</u>, 54 USPQ2d 1551, 1554 (TTAB 2000).

[6] Of course, to the extent opposer maintains its objections based on the attorney-client privilege or attorney work product doctrine, it must produce a privilege log. Fed. R. Civ. P. 26(b)(5)(A)(ii). Furthermore, opposer must produce allegedly confidential or proprietary information pursuant to the protective order applicable to this proceeding by operation of Trademark Rule 2.116(g).

Appeal Board relating to disclosure or discovery."
Trademark Rule 2.120(g)(1).

Turning finally to applicant's request for an extension of the discovery period for applicant only, there are competing interests at stake. On the one hand, "the Board will, upon motion, reopen or extend discovery solely for the benefit of a party whose opponent, by … delaying its responses to [d]iscovery, has unfairly deprived the propounding party of the right to take follow-up." Miss America Pageant v. Petite Productions, Inc., 17 USPQ2d 1067, 1070 (TTAB 1990). Here, there is no question that, as a result of opposer's conduct, applicant's efforts to obtain timely and substantive discovery responses have been stymied. On the other hand, "[i]f a party wishes to have an opportunity to take 'follow-up' discovery after it receives responses to its initial requests for discovery, it must serve its initial requests early in the discovery period …." TBMP § 403.05(a). In this case, applicant did not serve his discovery requests early, and in fact left himself only two weeks after opposer's discovery responses were due in order to conduct follow-up discovery. Under the circumstances of this case, a brief extension of the discovery period for applicant only is warranted, but applicant will not be given more time than he would have had if opposer had timely and properly responded to the discovery requests, and

11

accordingly, applicant's motion for extension is **GRANTED**, to the extent that applicant is allowed two weeks to conduct follow-up discovery, subsequent to the due date for service of the responses opposer has been ordered to provide.

Conclusion

Applicant's motions to compel and to test the sufficiency, and to extend, are granted. Opposer shall respond to applicant's written discovery requests without objection on the merits within **thirty days** of the mailing date of this order. Proceedings herein are resumed and discovery, disclosure, trial and other dates are reset as follows:

| | |
|---|---|
| Follow-Up Discovery Period for Applicant Only Opens | **December 7, 2009** |
| Follow-Up Discovery Period for Applicant Only Closes | **December 21, 2009** |
| Plaintiff's Pretrial Disclosures | **February 4, 2010** |
| Plaintiff's 30-day Trial Period Ends | **March 21, 2010** |
| Defendant's Pretrial Disclosures | **April 5, 2010** |
| Defendant's 30-day Trial Period Ends | **May 20, 2010** |
| Plaintiff's Rebuttal Disclosures | **June 4, 2010** |
| Plaintiff's 15-day Rebuttal Period Ends | **July 4, 2010** |

***