**Richard DUNCAN, William Alfke, and Christopher Hanner, Plaintiffs,**

v.

**PARAGON PUBLISHING, INC., Club Magazine and Lisa Massaro, Defendants.**

**No. IP01–0505–C–T/K.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 22, 2001.

Michael E. Morken, Austin, Jones & Morken, Indianapolis, IN, for Plaintiffs.

Brian A. Statz, Lewis & Kappes, Indianapolis, IN, Donald S. Engel, Engel & Engel, LLP, Los Angeles, CA, for Defendants.

### ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

BAKER, United States Magistrate Judge.

### I. Background

Plaintiffs are employees of the Indianapolis Fire Department ("IFD"). They seek damages as a result of disciplinary action taken against them for their role in the publication of an interview and photographs taken of Plaintiff Christopher Hanner with a partially nude model at Firehouse Station Number 5. (Amend.Comp., ¶¶ 17, 37). Defendant Paragon Publishing, Inc. markets, sells, and distributes Club Magazine. *Id.* at ¶¶ 7–8. Plaintiffs allege that the magazine generally depicts and describes nudity and sexual intercourse in a graphic manner. *Id.* at ¶ 8. Defendant Lisa Massaro, the editorial manager of Club Magazine, allegedly arranged the photo session at IFD. *Id.* at ¶¶ 24–25.

Plaintiffs had an alleged agreement with Massaro in which Club Magazine was prohibited from publishing or displaying their likeness or "identifying marks" of IFD. *Id.* at ¶¶ 20–29. In its June 1999, and July 1999 issues, Plaintiffs contend that Defendants clearly identified the city of Indianapolis as its location for the "firehouse layout." *Id.* at

¶ 32. As a result of these publications, Plaintiffs were suspended by IFD.

Plaintiffs assert common law claims of fraud, tortious interference with the employment relationship, equitable estoppel, promissory estoppel, breach of contract, and seek punitive damages.[1]

Pursuant to Federal Rules of Civil Procedure 26(b)(2) and 33, Plaintiffs filed a "Request For Leave to File More Than 25 Interrogatories," seeking leave to serve ninety-nine interrogatories because "[t]he discovery sought is not obtainable from any other source that is more convenient." (Pls.' Request For Leave, ¶ 7). Defendants filed an opposition, seeking a protective order under Rule 26(c), claiming Plaintiffs' requests are "burdensome and oppressive." Defendants also claim that the number of interrogatories totals one hundred and seventy-eight rather than ninety-nine due to the sub-parts contained therein. (Def.'s Opposition, pp. 1, 5). For the reasons set forth below, Plaintiffs' motion for leave to file more than twenty-five interrogatories is DENIED, and Defendant's motion for a protective order is GRANTED.

## II. Discussion

Federal Rule of Civil Procedure 33(a) expressly forbids a party from serving more than twenty-five interrogatories upon another party "[w]ithout leave of court or written stipulation." *Walker v. Lakewood Condominium Owners Association,* 186 F.R.D. 584, 585 (C.D.Ca.1999), quoting Rule 33(a). Responding to interrogatories is "inherently expensive and burdensome." *Herdlein Technologies, Inc. v. Century Contractors, Inc.,* 147 F.R.D. 103, 105 (W.D.N.C.1993). The rule was amended in 1993 to reduce the frequency and efficiency of interrogatory practice since the device can be costly and may be used as a means of harassment. Advisory Committee's Note to the 1993 Amendment to Rule 33. *See also Safeco of America v. Rawstron,* 181 F.R.D. 441, 443 (C.D.Cal.1998); *Capacchione v. Charlotte–Mecklenburg Schools,* 182 F.R.D. 486, 492 (W.D.N.C.1998).

■ Rule 26(b)(2) governs the Court's determination on whether leave will be granted to serve additional interrogatories. The Court will limit discovery if: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2). The Court makes a case by case analysis in determining whether a party may exceed the allotted number of interrogatories set forth in Rule 33, weighing the burdensome duplication in a given circumstance. 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2163 (2nd ed.1994). The party seeking leave must set forth a "particularized showing" to exceed the limit of twenty-five interrogatories. *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota,* 187 F.R.D. 578, 586 (D.Minn.1999).

■ Plaintiffs seek leave of court to serve additional interrogatories, claiming that: (1) the information sought cannot be secured from any other source; (2) the use of interrogatories is more convenient; (3) the interrogatories are carefully constructed and are not unreasonably cumulative or duplicative; and (4) the interrogatories do not create an annoyance or significant expense to Massaro. (Pls.' Request For Leave, ¶¶ 7, 9–10). Massaro responds, stating she is entitled to a protective order pursuant to Rule 26(c) since Plaintiffs fail to make a particularized showing of need for the service of "over 178 interrogatories," and that the proper forum for Plaintiffs to obtain the requested information is at a deposition, citing cost and convenience concerns. (Def.s' Opposition, pg. 1).

1. Plaintiffs also asserted claims for unjust enrichment and constructive fraud. On September 6, 2001, the Court granted Defendants' motion to dismiss on these two claims.

Plaintiffs fail to demonstrate a particularized showing as to why it is necessary to serve ninety-nine interrogatories in order to prove their common law tort claims. The Court finds that the proposed interrogatories are over broad, unduly burdensome, and oppressive, and agrees with Defendants that they resemble a deposition outline rather than a set of interrogatories contemplated by Rule 33. *See Life Music v. Broadcast Music, Inc.,* 41 F.R.D. 16, 26 (S.D.N.Y.1966) ("[T]he point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow issues in the case.").

Plaintiffs' argument that the interrogatories seek discovery not obtainable from any other source is easily refuted since the information sought by Plaintiffs is readily obtainable by deposing Massaro. If the Court grants leave for Plaintiffs to serve the proposed interrogatories, Defendant will likely assert objections, creating a lengthy discovery dispute that could prolong the litigation. Through live testimony, Plaintiffs have an opportunity to obtain thorough and concise answers to the information sought in the interrogatories. See 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2163 (2nd ed. 1994) (Although a party may make a decision on the basis of the practical considerations in favor of using depositions, the court has discretion to issue a protective order that depositions rather than interrogatories be used).

Further, Plaintiffs' requests are also commutative, since they intend to take Massaro's deposition anyway. Just four days after Plaintiffs requested leave to serve additional interrogatories, their counsel sent Defendants' attorney a facsimile setting forth proposed dates to depose Massaro, Don Ferguson, and Angel Veil. (Def.'s Opposition, Ex. A). Therefore, Plaintiffs suffer no prejudice since they intend to depose Massaro even if the Court grants their request, and will discover the information set forth in the interrogatories.

In addition, the Court notes that this is not a situation in which Plaintiffs first filed twenty-five interrogatories, felt more information was needed upon reading the responses, then sought leave of court to file additional interrogatories. *cf. Aon,* 187 F.R.D. at 586, citing *Whittingham v. Amherst College,* 163 F.R.D. 170, 171 (D.Mass.1995) (Federal Rules require party to make a specific showing of necessity, and to first exhaust available discovery before seeking leave of Court for supplemental discovery). Rather, Plaintiffs here simply sought leave to serve ninety-nine interrogatories.

In similar circumstances, courts have denied leave to parties seeking to serve additional interrogatories. *See Frost v. Williams,* 46 F.R.D. 484 (D.Md.1969) (service of 200 interrogatories was frivolous and warranted a protective order); *Capacchione,* 182 F.R.D. at 492 (plaintiff failed to set forth why fifty additional interrogatories was necessary).

While the Court recognizes the liberal use of interrogatories for legitimate purposes, Plaintiffs here failed to demonstrate a particularized need. Therefore, Defendants have made an adequate showing for the Court to issue a protective order.

### III. Conclusion

Accordingly, the Court GRANTS Defendant's motion for a protective order. Plaintiffs may serve a reasonable number of interrogatories not to exceed twenty-five.

*So ordered.*