**Richard CHAVEZ, Plaintiff,**

v.

**DAIMLERCHRYSLER CORPORATION, Defendant.**

**No. IP 00–1179–C–T/K.**

United States District Court, S.D. Indiana, Indianapolis Division.

March 25, 2002.

Kevin W Betz, Sutherlin & Betz, Indianapolis, IN, for plaintiff.

Susan B Tabler, Ice Miller, Indianapolis, IN, for defendant.

### ENTRY ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S MOTION TO STRIKE

BAKER, United States Magistrate Judge.

Plaintiff Richard Chavez seeks an order from the Court compelling Defendant DaimlerChrysler to respond to interrogatories and produce documents in discovery. Defendant opposes Chavez's discovery requests, claiming they are outside the scope of Rule 26, and refuses to produce information it deems "highly confidential" without Chavez entering into a protective order. In addition, Defendant moves to strike Chavez's untimely reply brief.

For the reasons set forth below, Defendant's motion to strike Chavez's reply brief is GRANTED. With respect to Defendant's response to Chavez's first request for production of documents number 4, Chavez's motion to compel is GRANTED. Otherwise, Chavez's motion to compel is DENIED. The production of documents in this case shall be governed by the parameters set forth below in Section II–D of this entry.

## I. Background

### A. Facts

Chavez is a Product Engineer who has been employed with Defendant since 1996. His employment designation was as a salaried, non-bargaining unit employee. At all times relevant, Chavez worked at the Indiana Transmission Plant (ITP) under the supervision of Barry Fiscus, who is responsible for supervising Product and Resident Engineers at ITP. Chavez alleges that Defendant violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et. seq., by discriminating against him because of his age, subjecting him to a hostile work environment, and retaliating against him for filing charges of discrimination with the Equal Employment Opportunity Commission.

Since August 1998, Chavez received a series of disciplinary actions from Fiscus. He alleges that the following actions were discriminatory and retaliatory: (1) receiving a discriminatory performance evaluation in October 1998; (2) being required to document all absences with a doctor's note; (3) being required to use vacation time for doctor's visits; (4) receiving a written reprimand for attending a doctor's visit during working hours; (5) Fiscus gathering co-worker input for his December 1998 evaluation; (6) not being afforded a meeting per company policy to discuss co-worker input used by Fiscus in his performance evaluation; (7) receiving the lowest performance rating of all engineers in his group by co-workers hand-picked by Fiscus who were known to be hostile toward him; (8) receiving no guidance or goals from management while younger employers received direction and guidance; (9) being yelled at and berated by management on the factory floor; (10) being retaliated against for complaining of discrimination and harassment, most notably by Defendant transferring him off a job he had bid for; (11) being subjected to retaliatory acts for filing charges of discrimination with the EEOC; (12) being required to provide a "daily update" on his work; (13) being placed on a performance improvement plan; and (14) not receiving a raise for over two years. [Complaint; Case Management Plan, pp. 2–3].

### B. Focus of Discovery Dispute

On February 14, 2001, Chavez served his first set of interrogatories and requests for production. The information he sought was not limited to the ITP, but requested information relating to employees working at the Kokomo Casting Plant (KCP) and the Kokomo Transmission Plant (KTP). In response, Defendant objected by providing information relating only to salaried, non-bargaining units employees at the ITP and under the supervision of Fiscus like Chavez because: (1) Chavez never worked at the KCP or KTP; and (2) Chavez's discrimination/retaliation allegations are exclusively against Fiscus. [Def.'s Br., p. 2].

Upon Chavez obtaining new counsel, he served a second set of interrogatories and requests for production. Defendant again objected because Chavez did not limit his requests to the ITP and to salaried, non-bargaining unit employees under Fiscus's supervision. Further, Defendant claims that many of the items in the second set of discovery are repetitive of Chavez's first set of discovery. [Def.'s Br., p. 3]. Accordingly, for purposes of the instant motion, the following discovery requests are in dispute:

(1) Responses to plaintiff's first set of interrogatories numbers 1–4;

(2) Responses to plaintiff's requests for production numbers 6–8;

(3) Responses to plaintiff second set of interrogatories numbers 3, 6, 7, 10–12, 14, 16; and

(4) Responses to plaintiff's second request for production of documents numbers 1, 11–12, 14, 17, and 22.

[Pl.'s Br., pp. 2–5; Def.'s Br., pp. 16–18].

Further, the parties cannot agree on a protective order to govern the conduct of

discovery since Defendant will not provide what it terms "highly confidential information" without certain redactions. [Def.'s Br., pp. 5–6].

## II. Discussion

### A. Discovery Standard

Effective December 2000, Rule 26(b)(1) was amended to set forth a new discovery standard that permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." *See Acuna v. Rudzinski*, 2001 WL 1467529, *5 (N.D.Ill. 2001); *Builders Ass'n of Greater Chicago v. City of Chicago*, 2001 WL 1002480, *1 (N.D.Ill.2001). However, for good cause, a court may order discovery of any matter relevant to the subject matter involved in the action. *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D.Ill.2001).

■ Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *McNally Tunneling Corp. v. City of Evanston, Illinois*, 2001 WL 1414437, *1 (N.D.Ill.2001). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes*, 2001 WL 969037, *1 (N.D.Ill.2001), *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

■ However, discovery under Rule 26 is not without limits. A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2); *McNally Tunneling*, 2001 WL 1414437, at *1.

■ Rule 37 permits a party to request an order from the Court compelling discovery. The Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. *See Adams v. Target*, 2001 WL 987853, *1 (S.D.Ind.2001) (Tinder, J.), *citing Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir.1998) (recognizing that "district courts have broad discretion in matters related to discovery"); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495–96 (7th Cir.1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496.

■ When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Beach v. City of Olathe, Kansas*, 203 F.R.D. 489, 496 (D.Kan. 2001), *citing Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D. 583, 585 (D.Kan.1999).

### B. Proper Scope of Discovery

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court suggested that evidence relevant to any showing of pretext might include, *inter alia*, facts regarding the employer's treatment of the complainant during his employment, as well as the employer's general policy and practice with respect to employment of the protected class. *Id.* at 804, 93 S.Ct. 1817. Indeed, the law of this circuit permits a "pattern of discrimination" theory by showing other acts of discrimination. *See, e.g., Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir.2002). Therefore, statistical information as to employment policy and practice may be helpful to determine whether the employer's treatment of the complainant conformed to a general pattern of discrimination. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817. However, courts must set reasonable boundaries on the type of discovery permissible in Title VII actions

when such a "pattern of discrimination" theory is propounded. *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 61–63 (D.N.J. 1985). As set forth below, the discovery must be tailored to the claim of disparate treatment. *Syed v. Director, F.B.I.*, 1990 WL 259734, *3 (E.D.Pa.1991).

### 1. Same Department

Defendant limited its discovery responses to employees within the ITP. In employment discrimination cases, discovery is usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance of, broader information. *See, e.g., Haselhorst v. Wal–Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D.Kan.1995) (limiting discovery to plaintiff's "employing unit"); *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D.Kan.1995) (same); *Miller v. Yuasa–Exide, Inc.*, No. 94–1307–MLB, 1995 WL 606807, at *1 (D.Kan.1995) (same); *Earley v. Champion International Corp.*, 907 F.2d 1077, 1084–85 (11th Cir.1990) (same); *Laurenzano v. Lehigh Valley Hosp., Inc.*, 2001 WL 849713, *2 (E.D.Pa.2001) ("[b]ecause [the interrogatory] seeks information regarding complaints of the same type at issue in this suit, and against the same department, it is neither irrelevant nor overly broad."); *Scales v. J.C. Bradford and Co.*, 925 F.2d 901, 906 (6th Cir.1991) (court limited discovery of employer's payroll records to employees in same department in which plaintiff employee worked).

■ The Court is unpersuaded that Chavez has demonstrated a particularized need for broader discovery outside of the ITP.[1] Permitting Chavez to discover information outside of the ITP would allow him to engage in a fishing expedition. Accordingly, discovery of information outside the ITP is simply irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

*See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) ("[d]iscovery of matter 'not reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)"). Therefore, Chavez's motion to compel is DENIED to the extent that Chavez seeks information outside of the ITP.

### 2. Employment status

■ Chavez seeks to extend the scope of his discovery requests to include bargaining unit and salaried, non-bargaining unit employees because "[t]o show a pattern of discrimination, it is necessary to have all information on all employees over the age of 40," and that since Defendant may have discriminated against bargaining unit as well as non-bargaining unit employees, he "must have information on a sufficient number of employees to use comparators to show that he was discriminated against because of his age." [Pl. Br., p. 3]. Although Chavez alleges a pattern of discrimination due to his age, this bald assertion, standing alone, is insufficient to expand the scope of discovery.

Chavez's allegations of discrimination occurred at the ITP only. As a result, the Court finds Chavez's request to extend discovery to include bargaining unit and salaried bargaining unit employees is overbroad, and is similarly not reasonably calculated to lead to the discovery of admissible evidence since the employees outside this classification are not similarly situated for purposes of his ADEA disparate treatment claim. *See, e.g., Patterson v. Avery Dennison Corp.*, 281 F.3d 676 (7th Cir.2002), *citing Radue v. Kimberly–Clark Corp.*, 219 F.3d 612, 618 (7th Cir. 2000) ("[t]o meet her burden of demonstrating that another employee is 'similarly situated,' a plaintiff must show that there is someone who is directly comparable to her in all material respects."); *Blackwell v. Bob Evans Farms, Inc.*, 1996 WL 406654, *4 (N.D.Ill.

---

**1.** On February 19, 2002, Chavez filed an untimely reply brief without requesting leave to do so. Defendant responded by filing a motion to strike. Defendant's motion to strike is GRANTED. Even if the Court were to consider the reply brief, the result would be the same. Chavez's suggestion in the reply brief that there may be managers who switched employment between

the three departments is mere speculation. Chavez could have avoided this guessing game by posing an interrogatory on this precise point. His failure to do so after two rounds of discovery suggests that this argument is merely an afterthought raised in an attempt to serve discovery requests that are otherwise overbroad.

1996) (in order to show that plaintiff was similarly situated, he is required to prove that all of the relevant aspects of his employment situation were "nearly identical to those of [the comparator's] employment situation"); *Murphy v. Village of Hoffman Estates*, 1999 WL 160305, *6 (N.D.Ill.1999) (the "similarly situated" requirement limits the court to consideration of comparable employees).

Therefore, Chavez's motion to compel is DENIED to the extent that it seeks discovery on employees other than salaried, non-bargaining unit employees. *See, e.g., Hardrick v. Legal Services Corp.*, 96 F.R.D. 617 (D.D.C.1983) (limiting discovery to the job category in which plaintiff belonged); *Williams v. Chrysler Financial Corp.*, 1999 WL 280437, *1 (E.D.La.1999) (discovery requests limited to employees with the same job classification as plaintiff).

### 3. Discovery Responses Limited to Same Supervisor

■ Defendant also limits its responses to employees under the supervision of Fiscus. Chavez seeks information about employees beyond the supervision of Fiscus. However, Chavez fails to articulate a particularized need for such discovery. In the event Chavez could demonstrate either through additional discovery or otherwise that other supervisors played some role in his termination, the outcome could be different. Under such a scenario, the Court might permit broader discovery. However, Chavez offers nothing except his own self-serving, conclusory allegations to bolster the suggestion that other individuals were involved in the decision to terminate. Simply put, Chavez has not made a convincing argument that he is entitled to the expansive discovery he seeks. Accordingly, Chavez's motion to compel is DENIED to the extent that it seeks discovery on employees outside the supervision of Fiscus.

In sum, the scope of Chavez's discovery requests is limited to salaried, non-bargaining units employees at the ITP under the supervision of Fiscus. This applies to the following responses by Defendant:

- First Set of Interrogatories Nos. 1–4;
- First Request for Production Nos. 6–8;
- Second Set of Interrogatories Nos. 3, 6–7, 10–12, 14, 16; and
- Second Request for Production Nos. 1, 11–12, 14, 17, 22

### C. Defendant's Other Objections

#### 1. First Request for Production No. 4

■ This production request solicits the job descriptions for positions under the supervision of Fiscus and Sue Legault. Defendant complied with this request by producing the job descriptions. However, in his December 17, 2001 letter to counsel, Chavez objects because the job descriptions produced do not reflect "which supervisor supervised which job position or positions." [Ex. E; Pl. Br., p. 4]. Defendant replies that Chavez's request in the December 17 letter amounts to an additional interrogatory, and that he has exceeded the allotted 25 permitted by the Federal Rules of Civil Procedure. *See Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 128 (S.D.Ind.2001), *quoting Walker v. Lakewood Condominium Owners Association*, 186 F.R.D. 584, 585 (C.D.Ca. 1999) ("Federal Rule of Civil Procedure 33 expressly forbids a party from serving more than twenty-five interrogatories upon another party without leave of court or written stipulation.") (internal quotations omitted).

While it appears that Chavez is attempting to convert his request for production into an interrogatory, this is clearly the type of dispute that the parties should have informally resolved without Court intervention. In the event the Court were to deny Chavez's motion to compel on this request, Chavez would surely move for leave of Court to serve this very interrogatory, thereby creating additional work for both parties as well as the Court. In an effort to avoid such a needless exercise, the Court orders Defendant to comply with Chavez's request by identifying which supervisors supervised which job positions.

Therefore, with respect to Defendant's response to Chavez's first request for production of documents number 4, Chavez's motion to compel is GRANTED.

### 2. Second Set of Interrogatories No. 3

■ This interrogatory seeks information on "all previous lawsuits, grievances or complaints" alleging age discrimination against Defendant at ITP, KTP, and KCP in the last five years. [Ex. C]. Defendant objected by limiting the scope of its answer to "salaried, non-bargaining unit employees at ITP," and responded that no one other than Chavez "has filed a complaint, lawsuit, or grievance based on age discrimination." *Id.*

Although this interrogatory is limited in time, type of action complained of, and type of discrimination alleged, it is not limited to the ITP or to salaried, non-bargaining unit employees under Fiscus' supervision. Again, Chavez fails to demonstrate a particularized need for broader discovery in this matter. Thus, his request for more expansive discovery is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Therefore, in accordance with the Court's holding in Section II B of this entry, Chavez's motion to compel is DENIED to the extent he seeks information on employees that fall outside the designation of salaried, non-bargaining unit employees who work at the ITP under the supervision of Fiscus.

### D. Parameters for a Protective Order

■ On December 27, 2001, the parties appeared for a telephonic status conference. Among the topics discussed was the entry of a protective order to facilitate discovery. According to Defendant, the parties are unable to reach an agreement on a protective order due to Defendant's insistence that Chavez not be permitted to review "confidential employment documents" such as disciplinary records, performance reviews, wage records, and attendance records without certain redactions. [Def.'s Br., pp. 5–6]. Specifically, Chavez seeks the personnel files of all salaried, non-bargaining unit employee engineers under the supervision of Fiscus (Ex. B, First RFP No. 5), and the attendance records of all salaried employees under Fiscus' supervision for the year 2000. [Ex. D, Second RFP No. 15].

Defendant states it proposed a compromise by allowing Chavez to review this "highly confidential information" with identifying characteristics such as name and social security number redacted. [Def.'s Br., p. 6]. Chavez rejected this compromise. Therefore, no protective order presides in the case.

Defendant's privacy concerns in its employment records are well-founded. However, the information contained in these documents may assist Chavez in establishing his disparate treatment claims. While the social security numbers are irrelevant to this inquiry, the names of the individuals and their addresses and phone numbers are relevant since this information provides a means to contact potential witnesses. *See Bobkoski v. Board of Educ. of Cary Consol. School Dist. 26,* 1992 WL 233965, *3 (N.D.Ill.1992) (court permitted discovery of names, addresses and telephone numbers in an age discrimination case); *Scaife v. Boenne,* 191 F.R.D. 590 (N.D.Ind.2000) (plaintiff not entitled to discover social security numbers). To the extent that Chavez seeks the names and phone numbers of current supervisory-level employees, such information may be redacted because these contacts are to be made through Defendant's counsel only. *See Brown v. St. Joseph County,* 148 F.R.D. 246 (N.D.Ind. 1993), *citing* Rule 4.2 of the Indiana Rules of Professional Conduct.

Therefore, pursuant to *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.,* 178 F.3d 943 (7th Cir.1999), the following parameters shall govern the conduct of discovery in this matter:

- Documents and information exchanged in discovery between the parties shall be limited to the parties, counsel of record, and their respective employees designated to assist counsel in this litigation;
- Defendants may redact any social security numbers set forth in any documents produced, as well as the address and phone number of any current supervisory-level employee;
- Within sixty days after the completion of this litigation, Chavez shall destroy all documents (and copies thereof) received in discovery. Thereafter, counsel for Chavez shall promptly serve on Defen-

dant an "affidavit of destruction," attesting that he and his client have complied with this provision in the entry; and

• Documents and information exchanged shall be used only for purposes of the instant litigation. Any improper use of other violation of the foregoing discovery parameters may be punished by an appropriate sanction.

## III. Conclusion

Accordingly, Defendant's motion to strike Chavez's reply brief is GRANTED. With respect to Defendant's response to Chavez's first request for production of documents number 4, Chavez's motion to compel is GRANTED. Otherwise, Chavez's motion to compel is DENIED. Absent some further showing by Chavez, discovery in this case shall be limited to salaried, non-bargaining unit employees who work at the ITP under the supervision of Fiscus. Further, the conduct of further discovery shall be governed by the parameters set forth in section II D of this entry.

So ordered.