Robert PIZEL, Plaintiff,

v.

MONACO COACH CORPORATION, Defendant.

No. 3:04–CV–286 CAN.

United States District Court, N.D. Indiana, South Bend Division.

Oct. 22, 2004.

Marshall Scott Meyers, Krohn & Moss Ltd., Phoenix, AZ, for Plaintiff.

James M. Lewis, Michael J. Hays, Barnes & Thornburg, South Bend, IN, for Defendant.

## ORDER

NUECHTERLEIN, United States Magistrate Judge.

Plaintiff filed this action pursuant to the Magnuson–Moss Warranty Act on May 3, 2004. On October 1, 2004, Defendant filed a motion to compel discovery of the agreement concerning Plaintiff's attorney's fees [Doc. No. 23]. For the following reasons, Defendant's motion is **DENIED**.

## I. RELEVANT BACKGROUND

Plaintiff filed this action alleging a breach of written and implied warranties in connection with a purchase of a recreational vehicle. Plaintiff seeks relief under 15 U.S.C. § 2310(d) which provides recovery for damages and attorney's fees when a consumer prevails on his claim. On August 5, 2004, Defendant served Plaintiff with its request for production which requested "copies of any representation agreement entered into by you with any attorney in connection with this action." (Def.Exh. A, pg.12). Defendant, however contends that it is not requesting the entire representation agreement, but only a copy of the fee agreement. Plaintiff objected to the production of this document, claiming it was protected by the attorney-client privilege or in the alternative, irrelevant since damages are not awarded until a Plaintiff prevails on a Magnuson–Moss claim.

On October 1, 2004, Defendant, in compliance with N.D. L.R. 37.1, filed a motion to compel discovery of the attorney fee information. Defendant contends that the information sought is relevant and discoverable since the recovery of attorney's fees is permitted under 15 U.S.C. § 2310(d)(2) and may be helpful in settlement negotiations. In Plaintiff's response, he again asserts that the information is protected by the attorney-client privilege or in the alternative, that the document is irrelevant at this moment and the motion is premature. This Court has the authority to rule on Defendant's motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II. LEGAL AUTHORITY AND ANALYSIS

Fed.R.Civ.P. 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R.Civ.P. 26(b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler*, 206 F.R.D. 615, 619 (S.D.Ind.2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253(1978)).

This Court has broad discretion when deciding whether to compel discovery. Fed. R.Civ.P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir.1998) ("[D]istrict courts have broad discretion in matters related to discovery."); *Gile v. United Airlines,*

**644**

*Inc.,* 95 F.3d 492, 495–96 (7th Cir.1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile,* 95 F.3d at 496.

 Although the discovery rules allow for a broad interpretation of what is relevant, looking at the facts of this case and the statute that allows the recovery of attorney's fees, this Court cannot conclude that the information concerning the fee agreement between Plaintiff and his counsel is relevant at this time. The Magnuson–Moss Act states the following:

> If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred...."

15 U.S.C. § 2310(d)(2). *See also Samuels v. American Motors Sales Corp.,* 969 F.2d 573, 576 (7th Cir.1992). Under this statute, a party may only recover fees if he finally prevails. There is no guarantee that the parties will ever reach the issue of attorney's fees in this case. Requiring the parties to spend the time and money it would take in complying with a motion to compel would be fruitless because the issue of the fee agreement is not a material issue at the present time. Simply stating that the agreement might aid in settlement discussions does not persuade this Court that the information sought is in fact relevant.

Defendant has not shown that the attorney fee information would be admissible at trial or that it would likely lead to evidence that would be admissible at trial. In reality, the statute infers the opposite conclusion. Under 15 U.S.C. § 2310(d)(2), the court is responsible for determining the reasonableness of the attorney's fees, and thus, this information would not be admissible or lead to evidence that would be admissible at trial. Defendant's only real justification for seeking the information is that this information might

be needed in the event of an judgment against it. Based upon this justification alone, entering an order compelling the production of the fee agreement at this time would be premature. Defendant will not be prejudiced by the denial of this motion because if there is a future need to obtain this information to contest the fees, Defendant may renew the motion at the appropriate time. Therefore, because Defendant's motion is premature, this Court declines to address the merits of Plaintiff's allegation that this information is privileged.

**III. CONCLUSION**

For the aforementioned reasons, Defendant's motion to compel discovery of attorney fee information [Doc. No. 23] is **DENIED.**

**SO ORDERED.**