**Danielle MAILHOIT, Plaintiff,**

v.

**HOME DEPOT U.S.A., INC., et al., Defendants.**

**No. CV 11–03892 DOC (SSx).**

United States District Court, C.D. California.

Sept. 7, 2012.

---

Andrew H. Friedman, Gregory David Helmer, Kenneth Allan Helmer, William O. Kampf, Helmer and Friedman LLP, Venice, CA, for Plaintiff.

Andrew J. Jaramillo, Christopher J. Archibald, Ogletree Deakins Nash Smoak & Stewart PC, Costa Mesa, CA, Elizabeth A. Falcone, Leah C. Lively, Micah D. Fargey, Ogletree Deakins Nash Smoak & Stewart P.C., Portland, OR, Judy The–Ping Sha, Ogletree Deakins Nash Smoak & Stewart PC, Los Angeles, CA, for Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION REGARDING SOCIAL NETWORKING SITE MATERIAL (SET ONE)**

SUZANNE H. SEGAL, United States Magistrate Judge.

## I.

## INTRODUCTION

On August 7, 2012, Defendant filed a Motion to Compel Further Responses to Defen-

dant's Request for Production of Documents (Set One). (Dkt. No. 105). The parties filed a Joint Stipulation concurrently with the Motion pursuant to Local Rule 37, ("Jt. Stip."), including the declarations of Elizabeth A. Falcone in support of the Motion, (Dkt. No. 107), and Kenneth Helmer in opposition to the Motion. (Dkt. No. 110). The Court held a hearing on the Motion on August 28, 2012. For the reasons stated below, the Motion is GRANTED IN PART and DENIED IN PART.

## II.

### THE PARTIES' CONTENTIONS

Defendant requests an Order compelling Plaintiff to produce documents responsive to Requests for Production Nos. 46–49, which collectively seek:

(1) Any profiles, postings or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries) from social networking sites from October 2005 (the approximate date Plaintiff claims she first was discriminated against by Home Depot), through the present, that reveal, refer, or relate to any emotion, feeling, or mental state of Plaintiff, as well as communications by or from Plaintiff that reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state;

(2) Third-party communications to Plaintiff that place her own communications in context;

(3) All social networking communications between Plaintiff and any current or former Home Depot employees, or which in any way refer [or] pertain to

her employment at Home Depot or this lawsuit; or

(4) Any pictures of Plaintiff taken during the relevant time period and posted on Plaintiff's profile or tagged[1] or otherwise linked to her profile.

(Jt. Stip. at 2).[2]

Defendant argues that it is entitled to Plaintiff's communications posted on social networking sites ("SNS") such as Facebook and LinkedIn to test Plaintiff's claims about her mental and emotional state. (*Id.* at 1). According to Defendant, Plaintiff testified at her deposition that she suffers from post traumatic stress disorder, depression and isolation, and has cut herself off from communication with friends because of Defendant's alleged wrongdoing. (*Id.*). Defendant argues that SNS communications are particularly likely to contain relevant information because "in this day and age, many communications between friends and/or about an individual's emotional state are communicated via social media." (*Id.*). Defendant states that it has evidence suggesting that Plaintiff maintains Facebook and LinkedIn accounts and that publicly available information from those sites undermines Plaintiff's claims of isolation and loss of friendship. (*Id.* at 8).

Plaintiff acknowledges that "social media is discoverable to the extent it is adequately tailored to satisfy the relevance standard," but argues that Plaintiff's requests are impermissibly overbroad. (*Id.* at 11). According to Plaintiff, rather than tailor its requests, Defendant seeks "to rummage through the entirety of [Plaintiff's] social media profiles and communications in the hope of concocting some inference about her state of mind." (*Id.* at 3). Plaintiff further argues that the requested discovery is unduly burdensome because she has already testified

---

1. " 'Tagging' is the process by which a third party posts a picture and links people in the picture to their profiles so that the picture will appear in the profiles of the person who 'tagged' the people in the picture, as well as on the profiles of the people who were identified in the picture." *EEOC v. Simply Storage Mgmt., LLC,* 270 F.R.D. 430, 436 n. 3 (S.D.Ind.2010).

2. As written, Requests for Production Nos. 46–49 seem to require production of the entire contents of Plaintiff's SNS accounts and are overbroad, as

Defendant appears to have recognized. (*See* Jt. Stip. at 4, 15–16, 26 & 37). The instant Motion is limited to a request for an Order compelling production of only the four categories of documents described above, which arguably overlap several different requests for production as originally written. (*See* Jt. Stip. at 2, 9). The Court will therefore address these four categories instead of the four original production requests that they supersede.

about her emotional distress, as well as produced or agreed to produce "documents and communications pertaining to her emotional distress damages going as far back as 2004," (*id.*), which Plaintiff maintains constitute "sufficiently relevant responses." (*Id.* at 14). In particular, Plaintiff asserts that she has already responded to requests for her communications with sixteen different current or former Home Depot employees, which Plaintiff contends "presumably" include her communications via social media. (*Id.*).

## III.

### DISCUSSION

**A. *Discovery Requests For Social Networking Site Content Must Be Reasonably Calculated To Lead To The Discovery Of Admissible Evidence And Describe The Information To Be Produced With "Reasonable Particularity"***

■■■ A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things." Fed. R.Civ.P. 26(b)(1). Relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case." *Chavez v. Daimler-Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D.Ind. 2002) (internal quotations omitted). The Supreme Court has instructed that the limitation on discovery to "relevant" materials must be "firmly applied," as "the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they 'be construed to secure the just, *speedy,* and *inexpensive* determination of every action.'" *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) (quoting Fed.R.Civ.P. 1) (emphasis in original).

■■■ Pursuant to Federal Rule of Civil Procedure 34(a), a party may request documents "in the responding party's possession, custody, or control." Rule 34(b) requires the requesting party to describe the items to be produced with "reasonable particularity" and specify a reasonable time, place, and manner for the inspection. Fed.R.Civ.P. 34(b)(1–2). "The test for reasonable particularity is whether the request places a party upon 'reasonable notice of what is called for and what is not.'" *Bruggeman ex rel. Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D.Ill.2004) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also Regan–Touhy v. Walgreen Co.*, 526 F.3d 641, 649–50 (10th Cir.2008) ("Though what qualifies as 'reasonabl[y] particular' surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court . . . to ascertain whether the requested documents have been produced.'") (quoting Wright & Miller, 8A Federal Practice and Procedure § 2211, at 415). " 'All-encompassing demands' that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." *In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. 151, 157 (E.D.Pa.2009).

■■■ The Court recognizes that social networking site content may be subject to discovery under Rule 34. "Generally, SNS content is neither privileged nor protected by any right of privacy." *Davenport v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 555759 at *1 (M.D.Fla. Feb. 21, 2012). However, "[d]iscovery of SNS requires the application of basic discovery principles in a novel context." *Simply Storage Mgmt.*, 270 F.R.D. at 434. In particular, several courts have found that even though certain SNS content may be available for public view, the Federal Rules do not grant a requesting party "a generalized right to rummage at will through information that [the responding party] has limited from public view" but instead require "a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence." *Tompkins v. Detroit Metropolitan Airport*, 278 F.R.D. 387, 388 (E.D.Mich.2012); *see also Davenport*, 2012 WL 555759 at *1 ("A

request for discovery [of SNS content] must still be tailored … so that it 'appears reasonably calculated to lead to the discovery of admissible evidence.'") (quoting Fed.R.Civ.P. 26(b)(1)); *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 WL 119149 at *7 (D.Nev. Jan. 9, 2007) ("Ordering … release of all of the private email messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable.").

■ Where discovery requests seek SNS communications in connection with claims involving the responding party's mental or emotional health, several courts have also found that "the simple fact that a claimant has *had* social communication is not necessarily probative of the particular mental and emotional health issues in the case. Rather, it must be the substance of the communication that determines relevance." *Simply Storage Mgmt.*, 270 F.R.D. at 435; *Holter v. Wells Fargo and Co.*, 281 F.R.D. 340, 344 (D.Minn.2011). As one court reasoned, "To be sure, anything that a person says or does might in some theoretical sense be reflective of her emotional state. But that is hardly justification for requiring the production of every thought she may have reduced to writing, or, indeed, the deposition of everyone she may have talked to." *Rozell v. Ross–Holst*, 2006 WL 163143 at *3–4 (S.D.N.Y. Jan. 20, 2006). Thus, while a party may conduct discovery concerning another party's emotional state, the discovery itself must still comply with the general principles underlying the Federal Rules of Civil Procedure that govern discovery.

■ "A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 558 (D.Conn.2006) (internal citations and quotation marks omitted). "The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *Id.* (internal citations and quotation marks omitted).

**B. *The Majority Of Defendant's Social Media Requests Fail Rule 34(b)(1)(A)'s Reasonable Particularity Requirement And Therefore Are Not Reasonably Calculated To Lead To The Discovery Of Admissible Evidence***

The Court finds that three of the four categories of SNS communications sought by Defendant fail Rule 34(b)(1)(A)'s "reasonable particularity" requirement, and, as such, are not reasonably calculated to lead to the discovery of admissible evidence. Consequently, the Court DENIES Defendant's Motion with respect to Categories 1, 2 and 4 of the revised requests. (*See* Jt. Stip. at 2).

■ Category 1 seeks any "profiles, postings or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries)" from any social networking site from October 2005 through the present "that reveal, refer, or relate to any emotion, feeling, or mental state of Plaintiff, as well as communications by or from Plaintiff that reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state." (Jt. Stip. at 2). Plaintiff has placed her emotional state at issue in this action and it is conceivable that some SNS communications may support or undermine her claims of emotional distress. Nonetheless, the extremely broad description of the material sought by this category fails to put a "reasonable person of ordinary intelligence" on notice of which specific documents or information would be responsive to the request, and therefore fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity.

Even if the first part of this category, which seeks communications relating to "any emotion," could be understood to encompass only communications containing specific emotive words (which the request does not iden-

tify), the category would still arguably require the production of many materials of doubtful relevance, such as a posting with the statement "I hate it when my cable goes out." The second part of the category, which seeks communications relating to "events" that could "reasonably be expected to produce a significant emotion," is similarly vague and overbroad. Arguably, watching a football game or a movie on television is an "event" that may produce some sort of "significant emotion," but it is unclear whether Plaintiff would be required to produce messages relating to such activities. Without more specific guidance, Category 1 is not "reasonably particular." The language of the request does not provide sufficient notice to the responding party of what should be considered responsive material. Defendant fails to make the "threshold showing" that the request at issue is reasonably calculated to lead to the discovery of admissible evidence.

■ Category 2, which requests "third-party communications to Plaintiff that place her own communications in context," also fails. To the extent that the reference to Plaintiff's "own communications" means communications regarding "emotions" produced in response to Category 1, Category 2 is entirely predicated on Category 1 and fails for the same vagueness concerns discussed above. Apart from these deficiencies, even if the universe of documents referred to as Plaintiff's "own communications" could be reasonably circumscribed and understood, the phrase "in context" is vague and also fails to provide notice to Plaintiff of which specific third party communications are and are not called for by the request.

■ Finally, Category 4, which requests "any pictures of Plaintiff taken during the relevant time period and posted on Plain-

tiff's profile or tagged or otherwise linked to her profile," is impermissibly overbroad. Defendant fails to make the threshold showing that every picture of Plaintiff taken over a seven-year period and posted on her profile by her or tagged to her profile by other people would be considered relevant under Rule 26(b)(1) or would lead to admissible evidence. *See Simply Storage Mgmt.*, 270 F.R.D. at 436 ("[A] picture posted on a third party's profile in which a claimant is merely 'tagged'[ ] is less likely to be relevant.") (footnote omitted). "All encompassing" production requests do not meet Rule 34(b)(1)(A)'s reasonably particularity requirement, *In re Asbestos Products Liability Litigation (No. VI)*, 256 F.R.D. at 157, and discovery rules do not allow a requesting party "to engage in the proverbial fishing expedition, in the hope that there *might* be something of relevance in [the producing party's] Facebook account." *Tompkins*, 278 F.R.D. at 388 (emphasis in original).[3]

■ In contrast, Category 3, which requests all SNS communications "between Plaintiff and any current or former Home Depot employees, or which in any way refer ... to her employment at Home Depot or this lawsuit," adequately places Plaintiff on notice of the materials to be produced and is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff notes that she has already responded to requests for communications between Plaintiff and sixteen different current or former Home Depot employees, which "would presumably include communications via social media." (Jt. Stip. at 36). Plaintiff's responses to those requests indicate that a search for the communications described in Category 3 is both technically feasible and not overly burdensome. (*See, e.g.,* Helmer Decl., Exh. A at 8–

3. The Court acknowledges that Categories 1, 2 and 4 are closely modeled after three categories of SNS communications that the court in *Simply Storage Mgmt.* ordered produced. *See Simply Storage Mgmt.*, 270 F.R.D. at 436. That court recognized, however, that the categories were not "drawn ... with the precision litigants and their counsel typically seek." *Id.* The court admonished counsel to make "judgment calls" "in good faith" pursuant to the guidelines articulated by the court in carrying out the order and stated that the requesting party could challenge the production if it believed it fell short of those guidelines. *Id.* These admonishments suggest that the court itself was concerned about the parties' ability to carry out the order. As noted in the discussion above, this Court finds that the requests suggested in *Simply Storage Mgmt.* are overbroad and vague. These requests fail to provide enough direction to the responding party to comply with Rule 34(b)(1)(A). Accordingly, this Court declines to compel responses to the discovery modeled on requests described in the *Simply Storage Mgmt.* case.

9). Plaintiff did not provide argument or evidence to the contrary in opposition to the current motion. Consequently, the Court GRANTS Defendant's Motion with respect to Category 3.

## IV.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Further Responses to Defendant's Request for Production of Documents (Set One) is GRANTED IN PART and DENIED IN PART. Defendant's Motion is DENIED with respect to Categories 1, 2 and 4. Defendant's Motion is GRANTED with respect to Category 3. Plaintiff is ORDERED to serve a written response and to produce documents responsive to Category 3, if any exist, within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.