## CIRCUIT COURT OF GREENSVILLE COUNTY

Henry M. Wash, Sr.,
Administrator
of the Estate of
Josephine M. Wash,
deceased

v.

Emporia Hospital Corporation,
t/a Southern Virginia
Regional Medical Center

January 13, 2015

Case No. CL12-31

By Judge Nathan C. Lee

The issue before this Court is whether the Court should grant or deny Plaintiff's motion to compel the production of Policies, Procedures, and Protocols in place at the time of Plaintiff's fall.

*Facts*

Plaintiff, Henry M. Wash, Sr., has sued Emporia Hospital Corporation ("the Hospital"), for medical negligence related to a fall that led to the death of Josephine M. Wash while she was a patient in the Hospital. Mr. Wash filed suit against the Hospital on February 23, 2012. During discovery in this litigation, Plaintiff's counsel requested various hospital policies, procedures, and protocols believed to be in existence at the time of decedent's death. Plaintiff's counsel also requested an event detail summary (the "EDS Report"). Defendant withheld the EDS Report, claiming privilege under state and federal law. Defendant also withheld the hospital policies, procedures, and protocols (the "policies"), claiming a privilege under Virginia Code §§ 8.01-581.16 and 8.01-581.17. Defendant further argued

the policies are irrelevant and unlikely to lead to the discovery of admissible evidence. Plaintiff's counsel then moved to compel their production.

On June 18, 2014, this Court denied Plaintiff's motion to compel the production of the EDS Report. The Court withheld judgment on the motion to compel various policies, procedures, and protocols until the Supreme Court of Virginia ruled in *Temple v. Mary Washington Hospital,* 288 Va. 134 (2014). Having reviewed the Supreme Court of Virginia's September 12, 2014, decision in that case, this Court is now prepared to rule on the motion to compel the policies, procedures, and protocols.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Federal Rule of Civil Procedure 26(b)(1). Relevancy, for purposes of discovery, includes "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler Chrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 57 L. Ed. 2d 253 (1978)). Thus, discovery is much broader than admissibility, and many documents that would be inadmissible at trial under the rules of evidence will be subject to disclosure during discovery. The question for the Court here, then, is which documents are privileged for the purposes of this litigation, and more specifically, whether the policies, procedures, and protocols must be disclosed. For the reasons discussed herein, the Court finds the policies, procedures, and protocols are not protected under Va. Code §§ 8.01-581.16 and 8.01-581.17, they are relevant, and they are likely to lead to the discovery of admissible evidence.

Virginia Code § 8.01-581.17 states:

> The analysis, findings, conclusions, recommendations, and the deliberative process of any medical staff committee, utilization review committee, or other committee, board, group, commission, or other entity specified in Va. Code § 8.01-581.16, as well as the proceedings, minutes, records, and reports, including the opinions and reports of experts, of such entities shall be privileged in their entirety under this section.

Virginia Code Ann. § 8.01-581.17(B).

The statute further states:

> The proceedings, minutes, records, reports, analysis, findings, conclusions, recommendations, and the deliberative process, including opinions and reports of experts, of any medical staff committee, utilization review committee, or other committee,

> board, group, commission, or other entity specified in § 8.01-581.16 shall not constitute medical records, are privileged in their entirety, and are not discoverable.

Virginia Code Ann. § 8.01-581.17(C).

There is a clear circuit split over how to interpret Virginia Code § 8.01-581.17 and whether policies, procedures, and protocols are discoverable. The parties agree that the policies at issue here were produced by a peer review committee as specified in Va. Code § 8.01-581.16. This Court then must decide whether these policies fall within the enumerated list in Virginia Code Ann. § 8.01-581.17, and more specifically whether these policies constitute "findings, conclusions, or recommendations" within the meaning of the statute. Defendant argues that the 2011 amendments to the statute expanded the scope of the privilege and repudiated prior rulings justifying discovery of the policies. Plaintiff relies upon case law to argue for a more narrow construction of the statute's language that would protect only the peer review portion of the committees' activities and not the policies here.

This Court previously withheld ruling on this issue in anticipation of the Supreme Court of Virginia's ruling in *Temple v. Mary Washington Hospital,* which dealt directly with the discoverability of policies, procedures, and protocols in a medical malpractice case. The trial court in *Temple* denied the motion to compel those documents. The Supreme Court of Virginia affirmed the trial court's decision, but did not reach the merits of the discovery rulings on appeal.

In the only other relevant circuit court decision after the 2011 amendments, the Fairfax County Circuit Court held that the hospital policies at issue were discoverable. *Flinchum v. INOVA Health System,* 84 Va. Cir. 530; 2012 Va. Cir. LEXIS 59 (2012). In *Flinchum,* the court looked to the plain language of the statute and found that policies promulgated after the deliberation process is complete were not enumerated items protected by the statute. *Id.* at 535, 2012 Va. Cir. LEXIS 59, at *14. The court further found that permitting the discovery of the policies would not run counter to the policy rationale of the statute. The court reasoned that, once the peer review process was complete and the policies were sanitized of any protected information, the resulting policies no longer require protection from discovery. *Id.* at 534-35, 2012 Va. Cir. LEXIS 59, at *13.

The U.S. District Court has also found that policies are discoverable. *Fleming v. Mountain States Health Alliance,* 2012 U.S. Dist. LEXIS 72795 (W.D. Va. May 25, 2012). In *Fleming,* the court found that the "ultimate end results of [the peer review process], which might find their way into depersonalized manuals of procedure and which have been shorn of individual criticisms, do not merit the same concern for protection from public scrutiny." *Id.* at *8-9. The court reasoned that the discovery of policies does not threaten open discussion and debate during the peer review

process and thus would not threaten the General Assembly's ultimate goal of improving the quality of health care. *Id.* at *8.

Although Defendant put forth cogent arguments for protecting the hospital's policies from discovery, this Court finds that the policies here do not constitute "findings, conclusions, or recommendations" within the meaning of Virginia Code § 8.01-581.17. This Court agrees with *Flinchum* that the plain language of the statute does not protect such generalized policies as the policies here and that permitting their discovery will not run counter to the legislature's intent to "promote open and frank discussion during the peer review process among health care providers with the ultimate goal of improving the quality of healthcare." *Flinchum,* 84 Va. Cir. at 534, 2012 Va. Cir. LEXIS, at *11.

Looking to the plain language of the statute, a review of the statute's enumerated items reflects a clear distinction between those items included in the statute and hospital policies like those at issue in this case. The statute contains an expansive list of items that will be privileged under this statute. However, although the list is broad, it is not so comprehensive that it protects all documents produced by a hospital in a medical malpractice case. The Court agrees with Defendant that "conclusions," "recommendations," and "findings," are each a type of end result of the deliberative process and are clearly protected under the statute along with the deliberative process itself. However, it is the opinion of this Court that "policies" go one step further, and are not encompassed by "recommendations" and "findings" here.

Policies are influenced by, and may be deeply based on, recommendations and findings, but are more generalized and more developed than the recommendations and findings themselves. As such, policies do not require the same concerns for confidentiality as recommendations and findings. If "conclusions," "recommendations," and "findings" are the end results of the peer review process related to an individual patient's care, policies are the generalized conglomeration of those conclusions, recommendations, and findings, adopted and enacted by the hospital to improve overall patient care. Policies foster improved, forward-looking health care outcomes, but are delivered in a way that needs not be kept confidential to facilitate frank and open discussions during the peer review process. Thus, this Court finds that although the legislature enumerated protection for "end results" of the deliberative process and the deliberative process itself, as Defendant argues, it did not intend to protect the ultimate, more generalized end results like the policies here. The enumerated items in the statute reflect the General Assembly's intent to protect the peer review process, and need not encompass generalized hospital policies to protect that intent. Had the legislature intended to include policies, procedures, and protocols within the statute's privilege, it could have included that language in the enumerated list in the statute.

There is no evidence that the hospital policies, procedures, and protocols requested by Plaintiff constitute the conclusions, recommendations, and findings generated by a peer review committee as described in Va. Code § 8.01-581.17. Therefore, based on the facts of this case, the requested documents do not fall within the privilege provided in Va. Code § 8.01-581.17. Further, the requested documents are relevant to Plaintiff's case and are likely to lead to the discovery of admissible evidence. Whether the policies will be admissible at trial is a question to be decided by the trial judge at a later date.

## Conclusion

Accordingly, for the reasons stated herein, Plaintiff's motion to compel the production of the policies, procedures, and protocols is granted.